AGA and SILIGA, Plaintiffs

v.

PELE SAVEA and TIALAVEA, Defendants

No. 30-1907

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Mafa", "Afulei", "Avaio" and "Vailaau" near Lauli'i]

February 3, 1910

B. R. PATRICK, Chaplain, U.S.N., *President;* J. L. DWYER, *Associate Judge;* and TUIASOSOPO, *Associate Judge*

DECISION

Plaintiffs came before the Court and asked to be adjudged owners of four pieces of land, denominated on the plat submitted as Mafa, Afulei, Avaio and Vailaau respectively, situated on the road between Laulii and Fagaitua. Defendants filed a written answer containing a general denial of plaintiffs' claims.

Upon reference to the records of the Registrar of Titles (Register of Native Titles, Vol. 1, folios 99 to 101) the Court ascertained that a portion of the land Mafa was included in a decree of the High Court wherein it appears that defendants were adjudged to be the owners of that part of Mafa included in the plat of Amaua, *Leiato v.*

*Howden,* 1 A.S.R. 149 (1906). The language of the High Court in that case is as follows:—

". . . that the above named Pele, Tialavea, Niuamoa and Savea be, and they are hereby declared and adjudged to be the true and lawful owners of the land described in the complaint and hereinafter described and every part and parcel thereof, . . . ."

Inasmuch as the plaintiffs failed to pray the Court to set aside the previous decree as far as same referred to the part of the land Mafa and because of the neglect of the defendants to specially plead the said decree, the Court deemed it necessary to pay a personal visit to the land and take such observations and measurements as would show to what extent the plat presented in this case overlapped the property decreed to defendants.

To insure a speedy determination of the respective rights of the contending parties the Court waived the technical defects in the pleadings and proceeded with the trial.

The land Mafa is the point extending seawards immediately to the westward of the settlement known as Amaua. The land Afulei adjoins on the western side of Mafa, and still further west along the McKinley Road are the pieces Avaio and Vailaau.

The first consideration of the Court was whether or not the testimony of plaintiffs was sufficient to warrant this Court in modifying the decree of the High Court in the previous case tried in 1901. The Court desires to impress upon both parties that the decree of the High Court is a solemn instrument which will never be disturbed except under the most exceptional circumstances and where absolutely clear and convincing proof is produced that the decree is a gross miscarriage of justice. It is unnecessary to comment further on this question as both parties are aware that the proofs of plaintiffs at bar regarding the land included in the former decree fall far short of such suffi-

ciency. The decree of the High Court in the case mentioned will not be modified.

The Court next passes to the remaining portion of the land Mafa as shown on plaintiffs' plat. In the trial held in 1901 Pele and Tialavea (both deceased), the predecessors of the present defendants, testified positively that Aga, one of the plaintiffs, was the owner of the land adjoining the land Amaua on the western boundary.

The witnesses for defendants in the case at bar were most unsatisfactory and the Court was obliged to insist upon the production of a witness who could testify as to positive facts within her own knowledge. An attempt was made by defendants' witnesses to impugn the testimony of Pele, deceased, in the 1901 case but the Court must reject this contention in view of the admitted competency of the deceased "tulafale" in all matters involving Samoan affairs.

The Court finds that the plaintiffs are the owners of the western part of the land Mafa (shown on the plaintiffs' plat) including the land called Afulei, basing its finding upon the admissions of defendants' predecessors in the 1901 case and the use and occupation of said land by plaintiffs.

Had the defendants conducted their case along proper lines and come forward in this Court and admitted the plaintiffs' ownership of the western part of Mafa or Afulei as their predecessors had done nine years ago, the Court might have decided regarding the pieces of land known as Avaio and Vailaau in a wholly different manner than it is constrained to do in this case. But defendants' evidence is unequivocal and relates to all three pieces equally and they must stand or fall by it, according to the way it is accepted by the Court. Defendants' witnesses claim that Aga and Siliga own no land west of Amaua and that their residence and cultivations were by nature of permission granted

215

them by defendants. Defendants' witnesses could give no positive testimony as to the time this permission was granted, nor upon what conditions, but contented themselves with the general assertion—founded upon family tradition—that the land belonged to their ancestors and that plaintiffs were merely tenants by sufferance. Such assertions can carry but little weight with the Court in the face of strong positive testimony of continuous possession and cultivation by the plaintiffs.

Plaintiffs claim that their cultivations predominate on these pieces of land and that their residence on and control over the land was not derived from any license granted by the ancestors of defendants. The evidence of plaintiffs showed that they lived on the land Vailaau within the last quarter century and that they cultivated and reaped the fruits of Vailaau and Avaio since then continuously up to the filing of the complaint. Plaintiffs claim that a person suffering from leprosy was isolated on the land Afulei many years ago by the authority (pule) of plaintiffs. This evidence is corroborated by the last witness for defendants.

Defendants' evidence as to Afulei and Mafa is manifestly unworthy of credit and consistency requires the Court to give credence to the evidence of plaintiffs not only as to Mafa and Afulei but also to the lands Vailaau and Avaio.

Let a decree therefore issue vesting the title of the lands Vailaau, Avaio, Afulei and that part of Mafa not included in the decree of the High Court referred to supra in the plaintiffs, Aga and Siliga.

The plaintiffs are advised to have the land Mafa resurveyed and register a proper plan in conformity with the decree.

Costs are assessed at $60.00—$30.00 to be paid by plaintiffs and $30.00 by defendants.